IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) No. 6-CR-373 |
| RUSSELL MCNEILL, | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Before the Court is Defendant Russell McNeill's supplemental motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 172. Mr. McNeill argues that there are "extraordinary and compelling reasons" warranting a sentence reduction under U.S.S.G. § 1B1.13(b)(5)'s catchall "other reasons" category. ECF 172, p. 8. After careful consideration, the Court will deny Mr. McNeill's motion.

### BACKGROUND

In April 2006, Mr. McNeill committed four armed robberies—at a pizza shop, a convenience store, a grocery store, and a bank—over a two-day period. Mr. McNeill was joined by an accomplice, Matthew Buckels, who gave him the gun, picked the targets, and served as the getaway driver. *See generally United States v. McNeill*, No. 6-373, 2007 WL 2234516 (W.D. Pa. Aug. 2, 2007) (Diamond, J.), *aff'd*, 360 F. App'x 363 (3d Cir. 2010); ECF 153, p. 4; ECF 178, pp. 1-3.

Mr. McNeill was arrested, tried, and—on October 5, 2007, following a four-day jury trial—convicted of three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), one count of bank robbery and one count of armed bank robbery, in violation of 18 U.S.C. § 2113, and—relevant to the current motion—four counts of use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). ECF 17; ECF 62; *McNeill*, 360 F. App'x at 364.

On February 27, 2008, the Court sentenced Mr. McNeill to an aggregate term of 1,062 months' imprisonment. ECF 80. Mr. McNeill's high sentence was driven

largely by 18 U.S.C. § 924(c), which, at the time—before Section 403(a) of the First Step Act did away with the practice—mandated "stacked" 300-month terms of imprisonment for each subsequent Section 924(c) conviction, even if charged in a single case. *United States v. Hodge*, 948 F.3d 160, 161 n.2 (3d Cir. 2020).[1] Because Mr. McNeill was convicted of four Section 924(c) violations, the sentencing judge was required by statute to stack three of these 300-month terms on Mr. McNeill's sentence. As a result, Mr. McNeill's sentence was essentially a life sentence; his projected release date is July 24, 2083, 58 years from now, when he would be 113 years old. ECF 172, p. 16.[2]

Mr. McNeill filed an initial Section 3582(c)(1)(A) motion on January 22, 2024, in which he argued that his unusually long sentence and a change in the law (the First Step Act's change to 18 U.S.C. § 924(c)'s stacking provisions) presented an extraordinary and compelling reason warranting a reduction in his terms of imprisonment under U.S.S.G. § 1B1.13(b)(6). ECF 153. The Court stayed that motion on February 14, 2024, pending the Third Circuit's decisions in *United States v. Rutherford* (No. 23-1904) or *United States v. Carter* (No. 24-1115). ECF 159.

The Third Circuit decided *Rutherford* on November 1, 2024. *See United States v. Rutherford*, 120 F.4th 360 (3d Cir. 2024), *cert. granted*, No. 24-820, 2025 WL

---

[1] "After the First Step Act, when a first-time offender who discharged a firearm is convicted of multiple § 924(c) counts from the same indictment, each count carries only the standard 120-month minimum, run consecutively." *Id.*

[2] On April 18, 2011, Mr. McNeill moved to vacate his sentence under 28 U.S.C. § 2255, ECF 96, which the Court granted in part on March 26, 2015, vacating the sentence imposed at one of the bank robbery counts. ECF 125.

1603603 (U.S. June 6, 2025).[3] *Rutherford* foreclosed Mr. McNeill's argument,[4] and so on April 11, 2025, the Court lifted the stay and permitted Mr. McNeill to file an amended Section 3582(c) motion. ECF 169; ECF 170. That motion, which he filed on May 8, 2025, is before the Court now.

## **DISCUSSION & ANALYSIS**

Mr. McNeill moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1).[5] "Under 18 U.S.C. § 3582(c)(1)(A), commonly referred to as the 'compassionate release' provision, district courts may reduce a term of imprisonment when warranted by 'extraordinary and compelling reasons.' If a court finds those reasons exist, it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate." *United States v. Stewart*, 86 F.4th 532, 533 (3d Cir. 2023) (cleaned up). That is, "[a] sentencing court must first conclude, as a matter of law, that a prisoner is *eligible* for a sentence reduction before it decides whether he *qualifies* for a reduction." *Rutherford*, 120 F.4th at 364.

"Congress did not define the phrase 'extraordinary and compelling reasons' in

---

[3] The Third Circuit decided *Carter* on December 2, 2024, but it just summarily affirmed the district court's opinion. *United States v. Carter*, No. 24-1115, 2024 WL 5339852, at *1 (3d Cir. Dec. 2, 2024), *cert. granted*, No. 24-860, 2025 WL 1603599 (U.S. June 6, 2025).

[4] *See Rutherford*, 120 F.4th at 376 ("[S]ubsection (b)(6) in the amended Policy Statement, as applied to the First Step Act's modification of § 924(c), conflicts with the will of Congress and thus cannot be considered in determining a prisoner's eligibility for compassionate release."); ECF 186, p. 19 & n.8 (recognizing the Court is bound by *Rutherford* and *Carter*, and preserving argument that both were wrongly decided).

[5] "[B]efore they [file a compassionate-release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020); 18 U.S.C. § 3582(c)(1)(A). There is no dispute that Mr. McNeill exhausted this administrative process before filing the supplemental Section 3582 motion currently before the Court. ECF 172, p. 10 n.4.

18 U.S.C. § 3582(c)(1)(A), but the [Sentencing] Commission's Policy Statement provides 'extraordinary and compelling reasons exist under any of the following six circumstances or a combination thereof: (1) Medical Circumstances of the Defendant'; '(2) Age of the Defendant'; '(3) Family Circumstances of the Defendant'; '(4) Victim of Abuse'; '(5) Other Reasons'; and '(6) Unusually Long Sentence.'" *United States v. Manning*, No. 14-326, 2025 WL 24717, at *2 (D.N.J. Jan. 2, 2025) (cleaned up) (quoting U.S.S.G. § 1B1.13(b)). This policy statement is "generally binding" on the Court. *Rutherford*, 120 F.4th at 365, 375.

Mr. McNeill's motion focuses on the fifth circumstance, "other reasons," "a catchall category [providing] that another issue can amount to an extraordinary and compelling reason for compassionate release if it is 'similar in gravity' to" the categories listed in subsections (1) to (4). *United States v. Paolucci*, No. 24-1150, 2024 WL 1616565, at *1 (3d Cir. Apr. 15, 2024) (quoting U.S.S.G. § 1B1.13(b)(5)). Mr. McNeill asserts that there are three such "other reasons" constituting extraordinary and compelling reasons for compassionate release: (1) the disparity between his sentence and his accomplice's sentence; (2) the disparity between his sentence and average sentences for more culpable offenses; and (3) the fact that his sentence is effectively a penalty for exercising his right to trial. ECF 172, pp. 12-26. Considered individually or together, none of these reasons constitute extraordinary or compelling circumstances under U.S.S.G. § 1B1.13(b)(5).

To begin, the Court agrees with the government that Mr. McNeill's reasons distilled to their core, are arguments premised on the length of his sentence. ECF 178, pp. 7, 11.[6] That effectively dooms his motion. In *United States v. Andrews*, 12

---

[6] Mr. McNeill rejects this premise as "dubious[.]" ECF 186, p. 18. The sentence is only disparate, though, because it is longer than those it is compared to, and the "penalty" Mr. McNeill contends that he received by going to trial is a longer sentence. *See also United States v. Rollins*, No. 14-22, 2023 WL 3203484, at *1 (D. Del. May 2,

F.4th 255 (3d Cir. 2021), the Third Circuit held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance[, because t]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *Id.* at 260-61 (cleaned up).

Mr. McNeill asserts that his request complies with *Andrews* because the Court can "restrict all consideration of the fact that he is serving a sentence longer than would be imposed today" to step two of the analysis, the Section 3553(a) sentencing factors. ECF 186, pp. 19-20. But the Third Circuit in *Andrews* analyzed the cause of the sentence length separately from the sentence length itself. *See Andrews*, 12 F.4th at 260-61 (holding "the length of Andrews's sentence" was not an "extraordinary or compelling circumstance" ***and*** that the "nonretroactive changes to the § 924(c) mandatory minimums ***also*** cannot be a basis for compassionate release" (emphasis added)). So even if the Court were to ignore that the Section 924(c) of today is more forgiving, the Court would be constrained from holding that the length of Mr. McNeill's sentence is an extraordinary and compelling circumstance warranting relief.

There are two additional reasons that Mr. McNeil's "length-based" argument doesn't work. First, such an argument would effectively conflate subsections (b)(5) and (b)(6) of the Guidelines. That is, the reality is that there is, with the November 2023 amendments to the Guidelines, a provision that now deals with compassionate release due to an "unusually long sentence"—subsection (b)(6).[7] But that provision

---

2023) (rejecting recharacterization of duration "as 'sentencing disparity' among co-defendants [as] a basis for compassionate release").

[7] Effective November 1, 2023, Amendment 814 to the Sentencing Guidelines revised U.S.S.G. § 1B1.13 by, among other things, moving the categories of "extraordinary and compelling reasons" from the commentary to the policy statement (making them binding for prisoner-filed motions), and expanding those categories—including by

has certain requirements that Mr. McNeill cannot meet—which is likely why Mr. McNeill has not moved under that subsection. *United States v. Rogers*, No. 17-7, 2025 WL 1401265, at *4 (W.D. Pa. May 14, 2025) (Conti, J.) ("[Section] 1B1.13(b)(6) is a provision that directly addresses claims for compassionate release based on an unusually long sentence."). By arguing that his supplemental compassionate-release motion is based on the subsection (b)(5) "other reasons" category, Mr. McNeill is basically trying to shoehorn a length-based claim where it doesn't belong. "Subsection (b)(5) cannot be used as a workaround for specific sections." *United States v. Barragan*, No. 10-777, 2025 WL 1827297, at *5 (D.N.M. July 2, 2025) (collecting cases); *see also United States v. Miller*, No. 23-4, 2025 WL 1101613, at *3 (S.D. Ind. Apr. 14, 2025) (rejecting use of subsection (b)(5) as "end-run around" subsection (b)(6)).

Second, relatedly, "Section 1B1.13(c) prevents a court from considering [a defendant's] length-of-sentence argument in addressing a defendant's Motion brought pursuant to Section 1B1.13(b)(5)[,]" at least where that argument turns on a change in the law. *United States v. Shabazz*, No. 6-710, 2025 WL 332541, at *5 (E.D. Pa. Jan. 29, 2025).[8] Thus, "factoring the length of [Mr. McNeill's] sentence into a Section 1B1.13(b)(5) analysis . . . would . . . run afoul of . . . Section 1B1.13(c)[, because t]he only reason that [Mr. McNeill's] sentence is disproportionately long is such a change in law, and so taking the former into account necessarily means that a court

---

adding subsection (b)(6). *See Rutherford*, 120 F.4th at 365, 375 (describing background of subsection (b)(6)); *see also United States v. Sainsbury*, No. 7-165, 2025 WL 1275783, at *2-3 (E.D. Pa. May 2, 2025) (describing generally background of Amendment 814).

[8] *See* U.S.S.G. § 1B1.13(c) ("Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.").

is considering the latter." *Carter*, 711 F. Supp. 3d at 441.[9]

In any event, even setting aside *Andrews* and subsections (b)(6) and (c), Mr. McNeill's proffered reasons don't rise to the level of extraordinary and compelling. Mr. McNeill's sentence resulted from his rejecting a plea agreement and going to trial. But "defendants have no guarantee to receive a plea bargain to their liking, or to receive a plea bargain at all, and a so-called 'trial penalty' is not an extraordinary and compelling reason to reduce a defendant's sentence." *United States v. Willard*, No. 5-605, 2023 WL 1100991, at *2 (E.D. Pa. Jan. 30, 2023) (cleaned up); *see also United States v. Bledsoe*, No. 7-165, 2022 WL 1261740, at *5 (E.D. Pa. Apr. 28, 2022), *aff'd*, No. 22-2022, 2022 WL 3536493 (3d Cir. Aug. 18, 2022) (same).

Similarly, the disparity between Mr. McNeill's sentence and Mr. Buckels's sentence was because Mr. Buckels "immediately" cooperated against Mr. McNeill and accepted a plea deal. ECF 172, p. 1.[10] "It is not 'extraordinary' (indeed, it should be expected) that a defendant who proceeds to trial and is convicted receives a longer sentence than his co-defendants who plead guilty to different crimes, accept responsibility, and assist the government by cooperating." *United States v. Fernandez*, 104 F.4th 420, 428 (2d Cir. 2024), *cert. granted in part*, No. 24-556, 2025

---

[9] Section 1B1.13(c) isn't an obstacle to considering the disparity between Messrs. McNeill and Buckel because that disparity isn't the result of a change in the law. It is relevant, though, to considering the disparity "in absolute terms[,]" which includes comparisons with defendants sentenced for Section 924(c) convictions post-First Step Act. ECF 172, pp. 21, 23.

[10] In exchange for his cooperation, Mr. Buckels wasn't charged with the four robberies he committed with Mr. McNeill and so avoided the Section 924(c) stacking, and the government recommended a reduction in his sentence for a solo bank robbery he committed after Mr. McNeill was arrested. ECF 172, pp. 15-16. He was sentenced to an aggregate sentence of 11 years imprisonment, and ultimately served less than five years. ECF 178, pp. 3, 5.

WL 1496486 (U.S. May 27, 2025);[11] *see also United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) ("There is nothing 'extraordinary' or 'compelling' about a sentence disparity that results from a co-defendant's decision to plead guilty and assist the government."); *United States v. Bryant*, No. 24-3093, 2025 WL 2026172, at *7 (9th Cir. July 21, 2025) ("The compassionate release statute is not a tool for eliminating sentencing disparities based on legitimate guilty pleas."); *cf. United States v. Lynn*, 515 F. App'x 79, 84 (3d Cir. 2013) (rejecting argument that disparate sentence violated 18 U.S.C. § 3553(a)(6), explaining "because [defendant] did not plead guilty and instead went to trial, he was not entitled to a sentence similar to co-defendants who accepted responsibility for their actions").

For those reasons, the Court will deny Mr. McNeill's motion. Because the Court holds that Mr. McNeill's motion fails at step one (for lack of "extraordinary and compelling reasons"), it does not reach step two (examining the Section 3553(a) factors). *Rutherford*, 120 F.4th at 364.

\* \* \*

**AND NOW**, this 31st day of July, 2025, it is hereby **ORDERED** that Mr. McNeill's supplemental motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF 172) is **DENIED**. For avoidance of doubt, it is further **ORDERED** that his original motion (ECF 153) is also **DENIED**, as it is controlled by *United States v. Rutherford*, 120 F.4th 360 (3d Cir. 2024).

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[11] It is true that, as Mr. McNeill notes, the Second Circuit didn't "foreclose the possibility" that sentencing disparities "might, in some unusual circumstances[,]" qualify. ECF 186, p. 17 (quoting *Fernandez*, 104 F.4th at 429 n.4). But nothing in Mr. McNeill's case suggests that this is an unusual sentence; the disparity, however extreme, was driven by the then-mandatory Section 924(c) stacking.