IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|      ) | |
|      v. ) | No. 06-CR-373 |
|      ) | |
| RUSSELL MCNEILL, ) | |
|      ) | |
|      Defendant. ) | |

### MEMORANDUM ORDER

Russell McNeill was sentenced to an aggregate term of 1,062 months' imprisonment on February 27, 2008. ECF 80. Mr. McNeill's high sentence was driven by 18 U.S.C. § 924(c), which, at the time—before Section 403(a) of the First Step Act did away with the practice—mandated "stacked" 300-month terms of imprisonment for each subsequent Section 924(c) conviction, even if charged in a single case. *United States v. Hodge*, 948 F.3d 160, 161 n.2 (3d Cir. 2020). Because Mr. McNeill was convicted of four Section 924(c) violations, the sentencing judge was required by statute to stack three of these 300-month terms on Mr. McNeill's sentence. As a result, Mr. McNeill's sentence was essentially a life sentence; his projected release date is July 24, 2083, 58 years from now, when he would be 113 years old. ECF 172, p. 16.

Mr. McNeill now moves to vacate that sentence pursuant to 28 U.S.C. § 2255, challenging the constitutionality of his three convictions of Hobbs Act robbery and one conviction of armed robbery, because the predicate robbery and armed bank robbery offenses are not valid predicates under Section 924(c). ECF 187. Specifically, Section 924(c) penalizes any person who "uses or carries a firearm" during and in relation to any predicate "crime of violence." 18 U.S.C. § 924(c)(1)(A). The Section 924(c) counts here were predicated on the charged violations of armed robbery under 18 U.S.C. § 1951 and completed Hobbs Act robbery under 18 U.S.C. § 2113(d). Mr.

- 1 -

McNeill basically argues that these predicates aren't "crimes of violence," so the Court should vacate his convictions.

After reviewing the parties' arguments, the Court **DENIES** Mr. McNeill's amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF 187) because the merits of Mr. McNeill's claims have all been foreclosed by recent Third Circuit decisions.

As to armed robbery, the Third Circuit held that armed robbery—as a violation of 18 U.S.C. § 2113(d)—is a crime of violence and so a defendant is subject to sentence enhancements under 18 U.S.C. § 924(c). *United States v. Jordan*, 96 F.4th 584, 594 (3d Cir. 2024) ("We have already held that § 2113(d) is a crime of violence under § 924(c)'s elements clause. The version of § 2113(d) that [the defendant] violated remains a § 924(c) crime of violence") (cleaned up).

As to completed Hobbs Art robbery, the Third Circuit also held that completed Hobbs Act robbery as a violation of 18 U.S.C. § 1951(a) is a crime of violence and so a defendant is subject to sentence enhancements under 18 U.S.C. § 924(c). *United States v. Stoney*, 62 F.4th 108, 113–14 (3d Cir. 2023) ("Three other Courts of Appeals—the Fourth, Eighth, and Tenth Circuits—have addressed this issue post-*Taylor* and found that a completed Hobbs Act robbery qualifies as a crime of violence. We agree and hold that a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A).")[1]

---

[1] Mr. McNeill makes a related challenge pertaining to the Hobbs Act predicates, arguing that the jury instructions at trial were "categorically overbroad," so the district judge lacked jurisdiction to impose the sentence. ECF 193, p. 6; *see also* ECF 187, pp. 19–21. This is really a sufficiency-of-the-evidence argument. The jury was instructed that it could find that Mr. McNeill committed Hobbs Act robbery if he threatened physical force, and the evidence at trial was that he did so, by pointing a gun at four different people and demanding money. That aspects of the instructions might have allowed the jury to convict Mr. McNeill under a scenario that did not involve threats of physical harm doesn't render the convictions unsound. In other words, even if there was an error that made the instructions overbroad, it would have

The Court acknowledges that these issues have been heavily litigated over the past several years in other cases, and the Court here stayed the case and delayed in issuing this decision for years to see whether the legal landscape might change. It hasn't. The Third Circuit has spoken; and the Supreme Court has elected not to upset that precedent. *See, e.g., United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023), *cert. denied*, 586 U.S. 928 (2018); *United States v. Jordan*, 96 F.4th 584 (3d Cir. 2024), *cert. denied*, 145 S. Ct. 256 (2024). So the Court must follow the law and is constrained to deny the Section 2255 motion.

\* \* \*

**AND NOW**, this 27th day of January, 2026, it is hereby **ORDERED** that Mr. McNeill's supplemental motion to reduce his sentence under 28 U.S.C § 2255 (ECF 187) is **DENIED**. For avoidance of doubt, it is further **ORDERED** that his original motions (ECF 128 and 134) are also **DENIED**.

As a final matter, the Court also **ORDERS** that a certificate of appealability shall not issue in this case because no reasonable jurist would dispute or debate this Court's ruling. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

been a harmless error because the evidence at trial overwhelmingly established a completed crime of violence sufficient to convict under Section 924(c)). *See United States v. Mansell*, No. CR 16-258-1, 2024 WL 1556381, at *3, n. 7 (E.D. Pa. Apr. 10, 2024), *certificate of appealability denied*, No. 24-1835, 2024 WL 5680679 (3d Cir. Nov. 4, 2024) ("Petitioner makes a related argument that the jury instructions were 'categorically overbroad' by instructing on 'fear' as an element of Hobbs Act robbery, which in turn expanded the elements of a predicate crime of violence required for a § 924(c) conviction, citing *United States v. Louis*, No. 21-CR-20252, 2023 WL 2240544 (S.D. Fla. Feb. 27, 2023) (appeal pending). But the harmless error rule still applies for the reasons discussed above, and the evidence at trial overwhelmingly establishes a completed crime of violence sufficient to convict under § 924(c)).").